*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, DALY, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jackus D. ALLEN**
Lieutenant (O-3), U.S. Navy
*Appellant*

**No. 202300245**
_____

Decided: 26 March 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Donald R. Ostrom

Sentence adjudged 11 August 2023 by a general court-martial tried at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: six months of confinement.

For Appellant:
*Commander Lindsay W. Pepi, JAGC, USN*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*
*Lieutenant Colonel Candace G. White, USMC*

———————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(b).**

———————————

PER CURIAM:

A general court-martial convicted Appellant, pursuant to his pleas, of obstruction of justice in violation of Article 131b, Uniform Code of Military Justice (UCMJ), and conduct unbecoming an officer in violation of Article 133, UCMJ.[1] Appellant raises three issues on appeal and asks us to set aside his pleas of guilty.

We have carefully considered the matters raised by Appellant[2] in his brief and find they do not require discussion or relief.[3] However, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[4] In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

---

[1] 10 U.S.C. §931b, 933.

[2] Appellant raised the following matters:

(1) Whether the sole specification of Charge III fails to state an offense because the excepted words no longer implicate criminal activity due to the executive order annex of 1 July 2023;

(2) Whether the military judge abused his discretion in accepting Appellant's plea of guilty to Article 133 because there was an inadequate factual basis to show Appellant maintained a residence with persons he knew were engaged in prostitution with service member or to show his conduct me the standard for conduct unbecoming an officer;

(3) Whether the military judge abused his discretion in accepting Appellant's plea of guilty because there was an inadequate legal and factual basis to show Appellant obstructed an investigation.

[3] *See United States v. Matias* 25 M.J. 356, 361 (C.M.A. 1987).

[4] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

We have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[5]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[5] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300245 |
| v. | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Jackus D. ALLEN**<br>Lieutenant (O-3)<br>U.S. Navy | |
| *Accused* | *As Modified on Appeal* |
| | **26 March 2025** |

On 11 August 2023, the Accused was tried at Region Legal Service Office Mid-Atlantic, Norfolk, Virginia, by a general court-martial, consisting of a military judge sitting alone. Military Judge Donald R. Ostrom presided.

## FINDINGS

The following are Lieutenant Allen's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:** **Conspiracy to sex traffic on or about October 2020 to on or about June 2021**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **Aiding and abetting sex trafficking on or about October 2020 to on or about June 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge II:    Violation of Article 131b, UCMJ, 10 U.S.C. § 931b.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:    Obstruction of justice on or about May 2021.**

*Plea:* Guilty, excepting the words "United States v. Lieutenant Jackus Allen, USN," substituting therefor the words "Rasame Phrecophrai, aka TT." To the excepted words, Not Guilty.  To the specification as excepted and substituted, Guilty.

*Finding:* Guilty to the specification as excepted and substituted.

**Charge III:    Violation of Article 133, UCMJ, 10 U.S.C. § 933.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:    Conduct unbecoming of an officer on or about October 2020 to on or about June 2021.**

*Plea:* Guilty, excepting the words "commercial sex acts," and substituting therefor the word "prostitution."

*Finding:* Guilty to the specification as excepted and substituted.

## SENTENCE

On 11 August 2023, a military judge sentenced Lieutenant Allen to the following:

**Confinement for a total of 6 months.**

*Sole Specification of Charge II: confinement for 3 months.*

*Sole Specification of Charge III: confinement for 6 months.*

*All periods of confinement shall run concurrently.*

FOR THE COURT:

MARK K. JAMISON
Clerk of Court